IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| NINE STORIES, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>THE CITY OF DAVID CITY; MAYOR ALAN ZAVODNY, in an individual and official capacity; DANA TROWBRIDGE, in an individual capacity; DAVID CITY PLANNING COMMISSION MEMBERS JAMES VANDENBERG, JIM MASEK, GREG ASHSOFF, PAM KABOREK, and KEITH MARVIN, in individual and official capacities; CITY COUNCIL MEMBERS JOHN VANDENBERG, TOM KOBUS, JESSICA MILLER, BRUCE MEYSENBURG, KEVIN HOTOVY, and PAT MEYSENBURG, in individual and official capacities; and CITY CLERK OF DAVID CITY TAMI COMTE, in an individual and official capacity,<br><br>Defendants. | NO. 8:23-CV-344<br><br><br>**MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO DISMISS** |

Plaintiff Nine Stories, LLC, has sued David City, Nebraska, numerous David City officials in their individual and official capacities, and a private individual, Dana Trowbridge, in his individual capacity (collectively, Defendants) under 42 U.S.C. § 1983, seeking damages for an alleged deprivation of Nine Stories' ability to develop its land. *See* Filing 1. Presently before the

1

Court is Defendants' Motion to Dismiss for lack of subject matter jurisdiction and failure to state a claim. Filing 9. For the reasons below, the Court grants Defendants' Motion.

## I. INTRODUCTION

### A. Factual Background

The Court considers the following nonconclusory allegations as true for the purposes of ruling on this motion. See *Bauer v. AGA Serv. Co.*, 25 F.4th 587, 589 (8th Cir. 2022) (quoting *Pietoso, Inc. v. Republic Servs., Inc.*, 4 F.4th 620, 622 (8th Cir. 2021)). Nine Stories is an LLC owned by two married couples living in Butler County, Nebraska. Filing 1 at 3 (¶ 5). One of those couples, the Holoubeks, owned a plot of land in Butler County. Filing 1 at 3 (¶ 5). "Nine Stories, LLC was formed to further develop this tract of land." Filing 1 at 4 (¶ 5). "Due to an error with the Register of Deeds office, a plat indicating certain development plans was filed without Nine Stories' or its agents['] and/or officers' approval." Filing 1 at 4 (¶ 6). David City sued in Nebraska state court to enjoin Nine Stories from development, and the parties settled on April 5, 2021. Filing 1 at 4 (¶ 6). Under the settlement agreement, David City acknowledged that "the plat was erroneously entered without the approval of . . . Nine Stories" or its members. Filing 1 at 4 (¶ 6). Nine Stories apparently refers to this litigation as "the refusal of the Planning Commission and the City of David City." Filing 1 at 4 (¶ 7). Nine Stories alleges that because of this "refusal," "it became readily apparent to the members of Nine Stories that any future development plans would be rejected." Filing 1 at 4 (¶ 7). The Holoubeks—the LLC members who owned the land—sold the property on August 9, 2021. Filing 1 at 5 (¶ 9).

Subsequently, Nine Stories submitted "a Freedom of Information Request regarding the litigation of the tract of land" and learned that on February 4, 2021, the former mayor of David City, Dana Trowbridge, had the following email exchange with the David City Clerk:

[City Clerk:]

Skip,

The Planning Commission will be meeting on February 13th to discuss the annexation of Mark Holoubek's property adjacent to "O" Street. Steve Maguire, I believe, is a partner with Mark Holoubek in this venture.

Keith told me that Steve Maguire spoke with Jim Vandenberg and told him that he wanted to "play nice" with the City. That being said, perhaps they would be interested in using that parcel for workforce housing.

I was wondering if you might be available to come to the February 13th meeting to speak to the workforce housing aspect. I'm hoping that they will both be in attendance at the meeting. Let me know your thoughts. Thanks!

[Former Mayor Trowbridge:]

Off the record, my plan is to buy that parcel through a third party for a Workforce Housing development. Those two snakes cannot be trusted, they have lied to the Planning Commission before and will not follow through with whatever they propose. Thanks for the heads up, I will come to the meeting and observe.

Isn't it normal procedure to annex AFTER a plat has been accepted? They do not at this time have an acceptable development plan.

. . .

These fellows are trying to develop it with someone else doing streets and infrastructure and getting $30,000 per lot.

Can't do anything positive for David City with these crooks! I'll be at the meeting.

Filing 1 at 9–10. Nine Stories further alleges, "The City, through its agents and associated committees, has been developing the tract of land for the Workforce Housing proposed by Trowbridge" since the Holoubeks sold the property. Filing 1 at 5 (¶ 10).

3

### B. Procedural Background

Nine Stories filed its Complaint on August 7, 2023. Filing 1. The Complaint contains a single cause of action: "Defendants are liable to Plaintiff under 42 U.S.C. 1983 in that their actions deprived Plaintiff of the ability to develop the land at issue as the City and its respective agencies and employees conspired against Plaintiff to prohibit development." Filing 1 at 5 (¶ 12). Nine Stories prays for damages in excess of $2.5 million for the "lost opportunity [of] its ability to develop the tracts of land." Filing 1 at 5 (¶ 13). Nine Stories named as defendants David City, numerous David City officials, and former mayor Trowbridge. Filing 1. Defendants moved to dismiss on October 26, 2023. Filing 9. Defendants seek dismissal pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and under the *Pullman* and *Burford* abstention doctrines. Filing 9.

### II. Analysis

### A. Preliminary Matters

The Court begins with two preliminary matters. First, Defendants characterize their attack on subject matter jurisdiction as "a facial challenge," but argued that the Court "has authority to consider matters outside the pleadings when subject matter jurisdiction is challenged under Rule 12(b)(1)." Filing 10 at 8. Defendants also included an index of evidence not contained in the pleadings. Filing 11. Considering material outside of the pleadings is appropriate in a "factual" but not a "facial" challenge to subject matter jurisdiction. *Croyle by & through Croyle v. United States*, 908 F.3d 377, 380–81 (8th Cir. 2018) ("In deciding a motion under Rule 12(b)(1), the district court must distinguish between a facial attack—where it looks only to the face of the pleadings—and a factual attack—where it may consider matters outside the pleadings." (citing *Osborn v. United*

*States*, 918 F.2d 724, 729 n.6 (8th Cir.1990))). Despite Defendants having furnished evidence outside of the pleadings for the Court's consideration, the Court will take Defendants at their word that they "present a facial challenge." Filing 10 at 8. Therefore, the Court will only consider the face of the Complaint to determine whether subject matter jurisdiction exists. Second, the Court does not reach Defendants' arguments regarding abstention because dismissal is warranted under Rule 12(b)(6).

### B. Applicable Standards

*1. Rule 12(b)(1) Standards*

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for a pre-answer motion to dismiss for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). The Eighth Circuit Court of Appeals has explained that on a Rule 12(b)(1) motion,

> The plaintiff bears "the burden of proving the existence of subject matter jurisdiction," and we may look at materials "outside the pleadings" in conducting our review. [*Herden v. United States*, 726 F.3d 1042, 1046 (8th Cir. 2013) (en banc)] (quoting *Green Acres Enters., Inc. v. United States*, 418 F.3d 852, 856 (8th Cir. 2005)). Because of the "unique nature of the jurisdictional question," *Osborn v. United States*, 918 F.2d 724, 729 (8th Cir. 1990) (citation omitted), it is the court's duty to "decide the jurisdictional issue, not simply rule that there is or is not enough evidence to have a trial on the issue," *id.* at 730. As such, if the court's inquiry extends beyond the pleadings, it is not necessary to apply Rule 56 summary judgment standards. *Id.* at 729. Rather, the court may receive evidence via "any rational mode of inquiry," and the parties may "request an evidentiary hearing." *Id.* at 730 (quoting *Crawford v. United States*, 796 F.2d 924, 928 (7th Cir. 1986)). Ultimately, the court must rule upon "the jurisdictional issue [unless it] is 'so bound up with the merits that a full trial on the merits may be necessary to resolve the issue.'" *Id.* (quoting *Crawford*, 796 F.2d at 928).

*Buckler v. United States*, 919 F.3d 1038, 1044 (8th Cir. 2019); *Am. Fam. Mut. Ins. Co. v. Vein Centers for Excellence, Inc.*, 912 F.3d 1076, 1081 (8th Cir. 2019) ("[A] motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) raises a factual challenge to the court's

jurisdiction, and courts may look to evidence outside the pleadings and make factual findings." (citing *Davis v. Anthony, Inc.*, 886 F.3d 674, 679 (8th Cir. 2018)).

The *Buckler* decision suggests that a challenge to subject matter jurisdiction pursuant to Rule 12(b)(1) is always "factual," but "facial" challenges are also possible:

> In deciding a motion under Rule 12(b)(1), the district court must distinguish between a facial attack—where it looks only to the face of the pleadings—and a factual attack—where it may consider matters outside the pleadings. *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir.1990). In a factual attack, the "non-moving party does not have the benefit of 12(b)(6) safeguards." *Id.* If the jurisdictional issue is "bound up" with the merits of the case, the district court may "decide whether to evaluate the evidence under the summary judgment standard." *Moss v. United States*, 895 F.3d 1091, 1097 (8th Cir.2018). This court is bound by the district court's characterization of the Rule 12(b)(1) motion. *Carlsen v. GameStop, Inc.*, 833 F.3d 903, 908 (8th Cir.2016) ("The method in which the district court resolves a Rule 12(b)(1) motion—that is, whether the district court treats the motion as a facial attack or a factual attack—obliges us to follow the same approach.").

*Croyle by & through Croyle v. United States*, 908 F.3d 377, 380–81 (8th Cir. 2018).

In this case, as discussed above, Defendants designated their attack on subject matter jurisdiction a "facial challenge," Filing 10 at 8, and the Court will treat it as such. *See Croyle*, 908 F.3d at 380-81 (explaining that the appellate court is bound by the district court's characterization of the motion as a facial or factual challenge). Under these circumstances, Plaintiffs are entitled to Rule 12(b)(6) "safeguards." *Croyle*, 908 F.3d at 380.

In addition, "[e]stablishing subject matter jurisdiction requires a party to show it has standing to sue." *Quiles v. Union Pac. R.R. Co., Inc.*, 4 F.4th 598, 603 (8th Cir. 2021) (citing *Young Am. Corp. v. Affiliated Computer Servs. (ACS), Inc.*, 424 F.3d 840, 843 (8th Cir. 2005). The Eighth Circuit has explained how a plaintiff may show standing, as follows:

> In order to establish standing, a party must demonstrate (1) an injury in fact, (2) that is caused by the challenged conduct, and (3) that is likely to be redressed by a

6

favorable judicial decision. An injury in fact is the invasion of a legally protected interest which is (1) concrete and particularized and (2) actual or imminent. Causation requires a "causal connection between the alleged injury and the conduct being challenged." Finally, the party must show the injury can be redressed or cured by a favorable decision issued by a court.

*Quiles*, 4 F.4th at 603 (internal citations omitted).

*2. Rule 12(b)(6) Standards*

The typical grounds for Rule 12(b)(6) motions are the insufficiency of the factual allegations offered to state claims. To state a claim, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Nevertheless, "'threadbare recitals of the elements of a cause of action' cannot survive a [Rule 12(b)(6)] motion to dismiss." *Du Bois v. Bd. of Regents of Univ. of Minnesota*, 987 F.3d 1199, 1205 (8th Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Instead, as the Eighth Circuit Court of Appeals has explained, "A claim survives a Rule 12(b)(6) motion to dismiss only if the complaint's nonconclusory allegations, accepted as true, make it not just 'conceivable' but 'plausible' that the defendant is liable." *Mitchell v. Kirchmeier*, 28 F.4th 888, 895 (8th Cir. 2022) (quoting *Iqbal*, 556 U.S. at 680-83). To put it another way, a court "must determine whether a plaintiff's complaint 'contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Far E. Aluminium Works Co. v. Viracon, Inc.*, 27 F.4th 1361, 1364 (8th Cir. 2022) (quoting *Braden v. WalMart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009)). Thus, "[a] claim is plausible when 'the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Christopherson v. Bushner,* 33 F.4th 495, 499 (8th Cir. 2022) (quoting *Iqbal*, 556 U.S. at 678). In contrast, "'[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the

7

line between possibility and plausibility." *Id.* (internal quotation marks and citations omitted). The Eighth Circuit Court of Appeals has cautioned that "the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Braden*, 588 F.3d at 594.

In ruling on a Rule 12(b)(6) motion, a court must "accept 'the facts alleged in the complaint as true and draw[ ] all reasonable inferences in favor of the nonmovant.'" *Bauer v. AGA Serv. Co.*, 25 F.4th 587, 589 (8th Cir. 2022) (quoting *Pietoso, Inc. v. Republic Servs., Inc.*, 4 F.4th 620, 622 (8th Cir. 2021)). On the other hand, "[m]ere conclusory statements and factual allegations lacking enough specificity to raise a right to relief above the speculative level are insufficient to support a reasonable inference that the defendant is liable." *Richardson v. BNSF Ry. Co.*, 2 F.4th 1063, 1068 (8th Cir. 2021) (internal quotation marks and citations omitted). A court also need not accept a pleader's "legal conclusions drawn from the facts." *Knowles v. TD Ameritrade Holding Corp.*, 2 F.4th 751, 755 (8th Cir. 2021).

Rule 12(b)(6) also permits dismissal when a claim is not cognizable under applicable law. *See, e.g., Couzens v. Donohue*, 854 F.3d 508, 517 (8th Cir. 2017) (dismissal was appropriate where Missouri did not recognize a claim for false light invasion of privacy); *Thomas v. Bd. of Regents of Univ. of Nebraska*, No. 4:20CV3081, 2022 WL 1491102, at *18 (D. Neb. May 11, 2022) (agreeing with defendant that the plaintiffs had failed to state a claim, because a disparate-impact claim is not cognizable under the Equal Protection Clause); *Freeney v. Galvin*, No. 8:19CV557, 2020 WL 229996, at *2 (D. Neb. Jan. 15, 2020) (finding the plaintiff failed to state a § 1983 claim against the manager of his private place of employment because such a claim is not cognizable where a private person is not a state actor or engaged in joint action with the state or its agents). In

such cases, the plaintiff failed to state a claim that was legally cognizable as opposed to factually plausible.

### C. Nine Stories Has Standing to Assert Its Claims

#### 1. *The Parties' Arguments*

Defendants argue Nine Stories does not have standing because it did not suffer any injury in fact that is fairly traceable to Defendants' conduct and redressable by judicial decision. Filing 10 at 9. Regarding injury in fact, Defendants argue "Plaintiff's Complaint does not allege a foundational injury in fact because the alleged injuries are not concrete or particularized, and no amendment to the Complaint can save Plaintiff's conjectural claims." Filing 10 at 10. Regarding traceability, Defendants contend, "Simply put, Plaintiff's hypothetical injuries cannot be fairly traced to Defendants because 'there is no action—actual or threatened—whatsoever.'" Filing 10 at 12–13 (quoting *California v. Texas*, 141 S. Ct. 2104, 2115 (2021)). Regarding redressability, Defendants argue that "the relief requested"—money damages—"makes it clear that no Court can turn back time to redress Plaintiff's allegations." Filing 10 at 14. Defendants also contend that Nine Stories' claim is unripe. Filing 10 at 14–17. In opposition, Nine Stories contends that it alleged injury in fact "in terms of lost opportunity costs," that its "damages are concrete and traceable to the actions of Defendants," and that "[r]edress is available to plaintiff in the form of monetary award." Filing 15 at 7.

#### 2. *Standing Requirements*

"No principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies." *Sch. of the Ozarks, Inc. v. Biden*, 41 F.4th 992, 997 (8th Cir. 2022) (quoting

9

*DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 341 (2006)). Thus, "standing is a jurisdictional prerequisite that must be resolved before reaching the merits of a suit." *City of Clarkson Valley v. Mineta*, 495 F.3d 567, 569 (8th Cir. 2007). "To establish standing to sue in federal court, a plaintiff 'must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision.'" *McNaught v. Nolen*, 76 F.4th 764, 768–69 (8th Cir. 2023) (citing *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016)). The Court must "accept[ ] the material allegations in the complaint as true and draw[ ] all inferences in [the] plaintiffs' favor." *In re SuperValu, Inc., Customer Data Sec. Breach Litig.*, 870 F.3d 763, 768 (8th Cir. 2017). The Eighth Circuit has also noted that "[t]he standing inquiry is merely a threshold inquiry," whereas "Federal Rules of Civil Procedure 8(a) & 12(b)(6) as interpreted in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), present higher hurdles." *Brown v. Medtronic, Inc.*, 628 F.3d 451, 459 (8th Cir. 2010).

Regarding the first requirement for standing, the Supreme Court has stated that "[a]n injury in fact must [ ] be 'concrete.'" *Spokeo*, 578 U.S. at 339–41. The Supreme Court described the concreteness requirement regarding statutory rights at length, as follows:

> A "concrete" injury must be "de facto"; that is, it must actually exist. When we have used the adjective "concrete," we have meant to convey the usual meaning of the term—"real," and not "abstract." . . . "Concrete" is not, however, necessarily synonymous with "tangible." Although tangible injuries are perhaps easier to recognize, we have confirmed in many of our previous cases that intangible injuries can nevertheless be concrete.
>
> . . .
>
> [This] does not mean that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right. Article III standing requires a concrete injury even in the context of a statutory violation. For that reason, [plaintiffs] could not, for example, allege a bare procedural violation, divorced from

> any concrete harm, and satisfy the injury-in-fact requirement of Article III. . . . [T]he violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in fact. In other words, a plaintiff in such a case need not allege any additional harm beyond the one Congress has identified.

*Spokeo*, 578 U.S. at 340–41 (citations omitted).

3. *Application*

The Court concludes that Nine Stories has standing because it has alleged what the Eighth Circuit has previously recognized as an injury in fact, and that injury is traceable to Defendants and redressable by a favorable verdict. The harm alleged by Nine Stories includes "damages exceeding 2.5 million dollars as lost opportunity for its ability to develop the tracts of land." Filing 1 at 5 (¶ 13). Similarly, the Eighth Circuit has recognized the "los[s] of expected profits" as an injury in fact sufficient to confer standing. *Curtis Lumber Co. v. Louisiana Pac. Corp.*, 618 F.3d 762, 770 (8th Cir. 2010). The Eighth Circuit explained,

> Curtis Lumber has alleged distinct injuries that would not have occurred had LP paid rebates owed to the customers. Specifically, Curtis Lumber alleges that it lost the expected profits on the cancelled sales of SmartSide products and that it paid costs related to carrying the large inventory it ordered in reliance on the rebate promotion. These injuries are actual, particularized to Curtis Lumber, traceable to LP's acts, and redressable by a verdict in Curtis Lumber's favor. As such, the standing requirements are satisfied. *See Lujan*, 504 U.S. at 560–61, 112 S.Ct. 2130.

*Curtis Lumber*, 618 F.3d at 770. Nine Stories' alleged losses would not have occurred had Defendants not allegedly conspired to deprive Nine Stories of its ability to develop property. In other words, these alleged losses are traceable to Defendants' alleged actions. Thus, like the plaintiff in Curtis Lumber, Nine Stories' injury is "actual, particularized to [Nine Stories], traceable to LP's acts, and redressable by a verdict in [Nine Stories'] favor." *Id.*

Defendants' additional arguments that Nine Stories lack standing or have an unripe claim because Nine Stories "never submitted an application to the City's Planning Commission" or

11

because it "never engaged in the administrative process" are also unavailing. Filing 10 at 15. Nine Stories alleged, "Due to the refusal of the Planning Commission and the City of David City, it became readily apparent to the members of Nine Stories that any future development plans would be rejected." Filing 1 at 4 (¶ 7). Borrowing language from the ADA context, the Eighth Circuit has stated that where "known barriers that the [defendant] has no intention of remedying" exist, "plaintiffs need not engage in [any] futile gesture" to manufacture standing. *Smith v. Golden China of Red Wing, Inc.*, 987 F.3d 1205, 1209 (8th Cir. 2021) (quoting *Dalton v. NPC Int'l, Inc.*, 932 F.3d 693, 695 (8th Cir. 2019)). Instead, it is sufficient that plaintiffs would have taken an action "in the imminent future but for those barriers." *Id.* (emphasis omitted). The Court disagrees with Defendants that Nine Stories' failure to submit a permit application precludes standing because Nine Stories adequately alleged that it would have applied had it not been "readily apparent to the members of Nine Stories that any future development plans would be rejected." Filing 1 at 4 (¶ 7); *see also* Filing 1 at 4 (¶ 5) ("Nine Stories, LLC was formed to further develop this tract of land."). There was no need for Nine Stories to engage in the "futile gesture" of going through the application process if the outcome was a predetermined rejection. *Smith*, 987 F.3d at 1209. Thus, Nine Stories has standing to sue. Accordingly, the Court must determine whether the Complaint states a claim. *See Curtis Lumber*, 618 F.3d at 771 (after finding that standing existed, noting that "whether Curtis Lumber can recover the rebates it paid to customers is a question better left to the applicable substantive law").

### D. Nine Stories Has Failed to State a Claim

Defendants also seek dismissal pursuant to Rule 12(b)(6), contending that Nine Stories failed to state a claim because,

> [T]he implausible Complaint relies exclusively on speculation—and no facts—to support its central premise. The Complaint does not allege a single instance of government action which deprived Plaintiff of a constitutionally protected right. Plaintiff does not allege any protected property interest, nor any violation of a protected interest.

Filing 10 at 18. Regarding this first argument, that the Complaint is comprised solely of speculative allegations, Nine Stories responds, "Admittedly, Plaintiff has to speculate as to some allegations given the fact it is alleging a government conspiracy against it" but "the Court can draw the reasonable inference that Plaintiff was harmed and the Defendants are liable for the harm caused." Filing 15 at 7. Regarding Defendants other arguments—namely, that Nine Stories did not allege any state action occurred or any protected rights were implicated—Nine Stories says nothing in response. *See generally* Filing 15.

The Court agrees that it can be reasonably inferred from the Complaint "that Plaintiff was harmed and the Defendants are liable for the harm caused," Filing 15 at 7, but this does not mean that Nine Stories has stated a claim upon which relief can be granted under 42 U.S.C. § 1983. "Section 1983 provides a civil cause of action against any person who, under color of state law, causes a deprivation of the rights, privileges, or immunities secured by the Constitution and laws of the United States." *Wagner v. Jones*, 664 F.3d 259, 268 (8th Cir. 2011) (citing 42 U.S.C. § 1983; *McRaven v. Sanders*, 577 F.3d 974, 979 (8th Cir. 2009)). Nine Stories' failure to explain in response to Defendants' arguments how it stated a claim under § 1983 constitutes abandonment. *See Jasperson v. Purolator Courier Corp.,* 765 F.2d 736, 740 (8th Cir.1985) ("A party's failure to raise or discuss an issue in his brief is to be deemed an abandonment of that issue.").

However, even if the claim were not abandoned, Nine Stories still failed to state a claim under § 1983. The substantive allegation in Nine Stories' Complaint states, "Defendants are liable

13

to Plaintiff under 42 U.S.C. § 1983 in that their actions deprived Plaintiff of the ability to develop the land at issue as the City and its respective agencies and employees conspired against Plaintiff to prohibit development." Filing 1 at 5 (¶ 12). Read generously to Nine Stories, without the aid of any clarification in its brief, the Court concludes that Nine Stories is attempting to assert a violation of its due process rights. *See* U.S. Const. amend. XIV ("No State shall . . . deprive any person of life, liberty, or property, without due process of law[.]"). The Court further concludes that Nine Stories alleges a substantive rather than procedural due process violation, given that Nine Stories did not allege that it engaged in any procedures available for having development plans approved. *See* Filing 1 at 4 (¶ 7) (explaining that "it became readily apparent to the members of Nine Stories that any future development plans would be rejected"). More specifically, Nine Stories' Complaint can be construed as an attempt to state a claim for deprivation of a sort of "economic liberty" to develop land. This claim fails.

"The day is gone when . . . the Due Process Clause of the Fourteenth Amendment [is used] to strike down state laws, regulatory of business and industrial conditions, because they may be unwise, improvident, or out of harmony with a particular school of thought." *Williamson v. Lee Optical of Oklahoma Inc.*, 348 U.S. 483, 488 (1955). Further, the Court is not aware of any caselaw suggesting that "ability to develop the land" is an existing recognized substantive due process right. Indeed, "[a]s a general matter, the [Supreme] Court has always been reluctant to expand the concept of substantive due process because guideposts for responsible decisionmaking in this unchartered area are scarce and open-ended." *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 125 (1992). "The doctrine of judicial self-restraint requires [courts] to exercise the utmost care whenever [ ] asked to break new ground in this field." *Id.* "It is important, therefore, to focus

14

on the allegations in the complaint to determine how [the plaintiff] describes the constitutional right at stake and what the city allegedly did to deprive [the plaintiff] of that right." *Id.* Nine Stories' allegations are threadbare and never attempt to "describe[ ] the constitutional right at stake." *Id.* Thus, even if Nine Stories did not abandon its claim by "fail[ing] to raise or discuss [these] issue[s] in his brief," *Jasperson*, 765 F.2d at 740, which the Court holds it did, Nine Stories has failed to "describe[ ] the constitutional right at stake." *Collins*, 503 U.S. at 125. Thus, Nine Stories failed to state a claim that is legally cognizable under 42 U.S.C. § 1983. *See Couzens v. Donohue*, 854 F.3d 508, 517 (8th Cir. 2017).

### III. CONCLUSION

For these reasons, the Court grants Defendants' Motion to Dismiss. Filing 9. Nine Stories has standing but failed to state a claim under 42 U.S.C. § 1983. Accordingly,

IT IS ORDERED that Defendants' Motion to Dismiss, Filing 9, is granted.

Dated this 22nd day of January, 2024.

BY THE COURT:

Brian C. Buescher
United States District Judge